# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MICHAEL PAUL FORTE,

    Petitioner,

    v.

SUPT. III HERNANDEZ, *et al.*,

    Respondents.

Case No. 3:22-cv-00041-SLG

## ORDER OF DISMISSAL

On or about February 25, 2002, at Docket 1, Michael Paul Forte, a self-represented prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C § 2241. Mr. Forte asserts that he is a federal prisoner serving a supervised release sanction of one year and one day to end on March 20, 2022.[1] Mr. Forte alleges that "as a federal prisoner [I] am entitled to prerelease detention at an [residential reentry center] for a minimum of 10% of my calculated time."[2] In support of his claim, Mr. Forte alleges that a "BOP casement has to [initiate] RRC placement paperwork. I am not at a fed facility there is [a] caseworker and the staff here does not know whom I should contact.[3] Mr. Forte further alleges that 1) staff at Anchorage Correctional Center West lack jurisdiction to send him to a residential

---

[1] Docket 1 at 1; Dockets 1-2 & 1-5.

[2] Docket 1 at 6.

[3] Docket 1 at 7.

reentry center; 2) United States Probation Office Michael Castro said he could not help with this placement; 3) United States Probation Officer Beth Madar did not return his messages; and 4) his former defense attorney Jane Imholte told him that United States Marshal Jimmy Johnson told her there was nothing he could do.[4] Mr. Forte includes eight Requests for Interview Forms sent to jail and probation staff on his placement request and release date.[5] For relief, Mr. Forte requests "either my final 30 days at Cordova Ctr. RRC . . . or $1,000.00 per day that I did not get my due halfway house/prerelease[.]"[6]

The Court takes judicial notice of Mr. Forte's federal criminal case in *United States of America v. Michael Paul Forte*, Case No. 3:15-cr-00062-001-SLG.[7] On October 22, 2015, the Court sentenced Mr. Forte to 18 months imprisonment and 5 years of supervised release.[8] The Court further notes that on November 15, 2021, Mr. Forte admitted to eight violations alleged in a Petition to Revoke Supervised Release.[9] On November 17, 2021, the Court entered a Judgment on

---

[4] Docket 1 at 7.

[5] Dockets 1-1–1-9.

[6] Docket 1 at 8.

[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted).

[8] *United States of America v. Michael Paul Forte*, Case No. 3:15-cr-00062-001-SLG, Docket 47 at 2–3.

[9] *United States of America v. Michael Paul Forte*, Case No. 3:15-cr-00062-001-SLG, Docket

Case No. 3:22-cv-00041-SLG, *Forte v. Hernandez, et al.*
Order of Dismissal
Page 2 of 7
Case 3:22-cv-00041-SLG   Document 3   Filed 05/06/22   Page 2 of 7

Revocation, which committed Mr. Forte to the custody of the United States Bureau of Prisons for 1an additional 12 months and 1 day, with no term of supervised release to follow.[10] The Court takes further notice that Mr. Forte has served this sanction and was released on or about March 12, 2022.[11]

## SCREENING REQUIREMENT

28 U.S.C. § 2241 provides federal courts with general habeas corpus jurisdiction.[12] A court must "promptly examine" a habeas petition.[13] "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss

---

139.

[10] *United States of America v. Michael Paul Forte*, Case No. 3:15-cr-00062-001-SLG, Docket 142 at 3.

[11] *Supra* note 5; *see also* Bureau of Prisons Inmate Locator, search "Michael Forte" Released 3/12/2019, https://www.bop.gov/inmateloc/ (last accessed April 27, 2022); VineLink, Alaska Offender Search, search "Michael Forte" "No results." https://vinelink.vineapps.com/search/AK/Person (last accessed April 27, 2022).

[12] *See Magana-Pizano v. INS*, 200 F.3d 603, 608 & n.4 (9th Cir. 1999).

[13] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. (The same procedural rules for 28 U.S.C. § 2254 govern 28 U.S.C. § 2241, Local Habeas Corpus Rule 1.1(c)(2)).

Case No. 3:22-cv-00041-SLG, *Forte v. Hernandez, et al.*
Order of Dismissal
Page 3 of 7
Case 3:22-cv-00041-SLG   Document 3   Filed 05/06/22   Page 3 of 7

the motion[.]"[14] Upon screening, it plainly appears that Mr. Forte is not entitled to habeas relief pursuant to § 2241, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[15] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[16] Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a prisoner "in custody," because of "an order, process, judgment or decree of a court or judge of the United States[.]"[17]

Federal courts have limited jurisdiction, because Article III § 2 of the U.S. Constitution only grants federal courts the authority to hear actual cases and controversies. The U.S. Constitution's case-or-controversy requirement necessitates that a petitioner must have an actual injury traceable to the defendant (or respondent) that can be remedied with a favorable judicial decision.[18] A petition for a writ of habeas corpus is moot when it no longer presents an actual injury and the relief requested cannot be remedied by a favorable decision from the court.[19]

---

[14] *Id.*

[15] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[16] *Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[17] 28 U.S.C. § 2241(c)(2).

[18] *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

[19] *Wilson v. Terhune,* 319 F.3d 477, 479 (9th Cir. 2003); *Burnett v. Lampert,* 432 F.3d 996, 1000–01

Case No. 3:22-cv-00041-SLG, *Forte v. Hernandez, et al.*
Order of Dismissal
Page 4 of 7


the motion[.]"[14] Upon screening, it plainly appears that Mr. Forte is not entitled to habeas relief pursuant to § 2241, and his petition must be dismissed.

## DISCUSSION

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[15] The writ "is a vital 'instrument for the protection of individual liberty' against government power."[16] Under 28 U.S.C. § 2241, a district court may grant a writ of habeas corpus to a prisoner "in custody," because of "an order, process, judgment or decree of a court or judge of the United States[.]"[17]

Federal courts have limited jurisdiction, because Article III § 2 of the U.S. Constitution only grants federal courts the authority to hear actual cases and controversies. The U.S. Constitution's case-or-controversy requirement necessitates that a petitioner must have an actual injury traceable to the defendant (or respondent) that can be remedied with a favorable judicial decision.[18] A petition for a writ of habeas corpus is moot when it no longer presents an actual injury and the relief requested cannot be remedied by a favorable decision from the court.[19]

---

[14] *Id.*

[15] *Rasul v. Bush*, 542 U.S. 466, 474 (2004).

[16] *Gage v. Chappell*, 793 F.3d 1159, 1168 (9th Cir. 2015); *quoting Boumediene v. Bush*, 553 U.S. 723, 743 (2008).

[17] 28 U.S.C. § 2241(c)(2).

[18] *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

[19] *Wilson v. Terhune,* 319 F.3d 477, 479 (9th Cir. 2003); *Burnett v. Lampert,* 432 F.3d 996, 1000–01

Case No. 3:22-cv-00041-SLG, *Forte v. Hernandez, et al.*
Order of Dismissal
Page 4 of 7
Case 3:22-cv-00041-SLG   Document 3   Filed 05/06/22   Page 4 of 7

"A challenge to a prison sentence becomes moot once the sentence has been served unless the petitioner continues to suffer collateral consequences."[20] Non-statutory consequences, such as employment prospects or a sentence imposed in a future proceeding are insufficient to avoid mootness.[21] Mootness is jurisdictional; therefore, a moot petition must be dismissed, because nothing remains before a court to be remedied.[22]

This habeas petition stems from Mr. Forte's revocation sanction. The Court imposed a revocation sanction of 12 months and 1 day, with no term of supervised release to follow.[23] Although the petition was filed while Mr. Forte was incarcerated, his sanction later in March, 2022, and he has since been released.[24] Further, Mr. Forte is not on supervised release and not subject to being returned to the custody of the Bureau of Prisons in the underlying criminal matter.

The Court cannot provide the relief sought in Mr. Forte's petition. As a threshold matter, monetary damages are not available under 28 U.S.C. § 2241.[25]

---

(9th Cir. 2005).

[20] *Caswell v. Calderon,* 363 F.3d 832, 836 (9th Cir.2004).

[21] *Lane v. Williams,* 455 U.S. 624, 631–33 (1982); *see also Spencer*, 523 U.S. at 12–13.

[22] *Spencer,* 523 U.S. at 18.

[23] *Supra* note 7.

[24] *See supra* note 8.

[25] 28 U.S.C. § 2241; *see also Turner v. Bureau of Prisons*, No. 105CV0084LJOWMWHC, 2008 WL 686549, at *2 (E.D. Cal. Mar. 11, 2008).

Case No. 3:22-cv-00041-SLG, *Forte v. Hernandez, et al.*
Order of Dismissal
Page 5 of 7
Case 3:22-cv-00041-SLG   Document 3   Filed 05/06/22   Page 5 of 7

It plainly appears that Mr. Forte is not entitled to this relief; therefore, the petition must be dismissed as to his request for damages.

As to the substantive request of Mr. Forte's petition, the Court cannot grant placement in a residential reentry center because Mr. Forte has been released from the custody of the Bureau of Prisons. Further, there is no suggestion or indication that Mr. Forte will suffer collateral consequences or continuing injury as a result of the Bureau of Prison's failure to grant him a placement in a residential reentry center. Therefore, this issue is moot and the petition must be dismissed for lack of jurisdiction as to Mr. Forte's request for placement in residential reentry center.

For the foregoing reasons, it plainly appears that Mr. Forte is not entitled to relief as to his request for damages. It further plainly appears that Court lacks jurisdiction over Mr. Forte's request for placement in a residential reentry center, because the issue is moot. Therefore, Mr. Forte's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 must be dismissed.

//

//

//

//

//

Case No. 3:22-cv-00041-SLG, *Forte v. Hernandez, et al.*
Order of Dismissal
Page 6 of 7
Case 3:22-cv-00041-SLG   Document 3   Filed 05/06/22   Page 6 of 7

**IT IS THEREFORE ORDERED:**

    1. The Petition at Docket 1 is **DISMISSED**.

    2. All pending motions are **DENIED**.

    3. The Clerk of Court is directed to enter a Final Judgment in this case.

    4. A Certificate of Appealability shall not issue.[26]

    DATED this 6th day of May, 2022, at Anchorage, Alaska.

                                        */s/ Sharon L. Gleason*
                                        UNITED STATES DISTRICT JUDGE

---

[26] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00041-SLG, *Forte v. Hernandez, et al.*
Order of Dismissal
Page 7 of 7
Case 3:22-cv-00041-SLG   Document 3   Filed 05/06/22   Page 7 of 7